## Steele *v.* Smith, Appellant.

*Appeals—When trial errors are unimportant.*

1. Alleged trial errors become unimportant if, at the trial, appellee was entitled, on the admitted facts, to binding instructions in his favor.

*Contract—Rescission by mutual consent—Return of uncashed cheque—Principal and agent—Duty of agent to return cheque.*

2. When a contract is rescinded by mutual consent, an uncashed cheque, given by one of the parties as a consideration for the contract, should be returned at once to him who gave it.

3. An agent who holds a cheque under such circumstances, makes himself personally responsible, if he causes it to be cashed and appropriates the proceeds to his own use; and this is so though his principal is indebted to him for services rendered in the transaction.

4. Not decided whether, under such circumstances, the agent would be responsible if plaintiff claimed on a disputed right to rescind, or if the agent merely retained the cheque or gave it to his principal, or the latter made any claim on it, or if the cheque had been previously cashed and the money was in the hands of the agent.

Argued January 27, 1926. Appeal, No. 68, Jan. T., 1926, by defendant, from judgment of C. P. Montgomery Co., Sept. T., 1922, No. 96, on verdict for plaintiff, in case of Eliza J. Steele v. W. Gordon Smith. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by buyer against seller's agent to recover hand money paid on sale of real estate. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,875, in opinion by MILLER, P. J., 41 Montgomery Co. L. R. 79. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*C. J. Hepburn,* with him *C. Townley Larzelere* and *Franklin L. Wright,* for appellant.—No action can be obtained by the buyer against the agent individually for the return of the down-money: Kurzawski v. Schneider, 179 Pa. 500; Gable v. Crane, 24 Pa. Superior Ct. 56; Kunkel v. Kunkel, 267 Pa. 163.

*Arthur Littleton,* with him *John M. Clarke, High, Detra & Swartz* and *Morgan, Lewis & Bockius,* for appellee, relied on Wharton v. Hudson, 3 Rawle 163.

OPINION BY MR. JUSTICE SIMPSON, March 15, 1926:

Reducing this case to its lowest terms, the pertinent facts are as follows: Plaintiff entered into a written agreement with one Walker, to purchase a property owned by the latter. Defendant, who was Walker's real estate agent, negotiated the sale, drew the agreement, saw to its execution, and received from plaintiff, at the time she signed it, a cheque, drawn to his order as agent, for the specified down-money of $2,500. Subsequently it was ascertained that Walker, through no fault of either plaintiff or defendant, could not possibly comply with his agreement, and thereupon a meeting was called, which was attended by A. H. Ladner, Esq., counsel for Walker, by a representative of plaintiff, and by defendant in person. As the conferees were unable to find a way to cure the defect, Mr. Ladner suggested that

the agreement should be destroyed, and all those present, as defendant himself testified, "agreed with what Mr. Ladner said." The contract was thereupon cancelled. Up to this time, plaintiff's cheque had not been used, and her representative requested its return. Defendant did not then object to returning it, but failed to do so, and, later, without authority from plaintiff or Walker, had the cheque cashed; and has since, during the intervening period of nearly four years, retained the money, without accounting to any one for it, and without, so far as appears, Walker making any claim on it. Defendant further testified that, at the time of cancellation, Mr. Ladner suggested that thereafter the parties "should have a gentleman's agreement between them until the matter was in such shape that they could deliver title." It is not averred that either plaintiff or her representative assented to such an indefinite and unenforceable agreement, or consented that defendant or Walker should retain the $2,500 until title was obtained; and the latter evidently treated it as of no validity, for shortly thereafter he sold the property to other people.

To this suit to recover the $2,500, defendant filed an affidavit of defense, averring that the action could not be maintained because the money was given to him as the agent of a known principal; and, moreover, that he was entitled to deduct from it his commission of $2,000, which Walker owed him for effecting the sale,—that is, because Walker was indebted to defendant, the latter could pay himself out of plaintiff's money. Defendant's counsel, of course, abandoned this claim. At the trial, the jury were told that if the evidence satisfied them the cheque had been delivered to defendant, by reason of a mistake of fact which induced its delivery, and that he still had the money in his possession, plaintiff could recover. The jury so found and rendered a verdict for plaintiff; judgment was entered thereon, and this appeal followed.

In addition to the well-reasoned opinion by the learned president judge of the court below, when disposing of defendant's motions for a new trial and for judgment non obstante veredicto, we have been favored with exhaustive arguments, pro and con, by counsel for the respective parties, on the vexed legal conclusion announced by the trial judge when he submitted the case to the jury. Aside from these briefs, as filed in this court and in the various law libraries of the State, those interested will find many pertinent authorities cited and considered in the notes in 23 L. R. A. (N. S.) 553, and L. R. A. 1916, p. 1041. Though the careful preparation referred to, tempts us to enter the lists, it is not our purpose to do so; nor to review any of the errors alleged to have been committed by the trial judge. Such errors, if any there were, and the dispute over the limitations regarding the right of recovery from the agent of a known principal, are alike unimportant here, since, on the admitted facts above related, plaintiff was entitled to binding instructions in her favor.

When the parties agreed to cancel the contract of sale, the consideration for which the cheque was given by plaintiff wholly failed, and it should have been returned to her at once. Perhaps defendant could have saved himself from liability, though he had personal knowledge of all the facts, if he had delivered the cheque to Walker, or even if the latter had made any claim for it; but, in that event, if Walker had wrongfully caused it to be cashed, and had retained the proceeds, he, Walker, would have been liable to an action by plaintiff, on an implied assumpsit for money had and received to plaintiff's use; and possibly could have been held responsible in a still more drastic way. Walker did not seek to obtain, nor did he get the cheque, however, but defendant himself had it cashed, and converted the proceeds to his own use, though he admits in his brief that "the money paid to [him] became Walker's money......the moment [he, defendant] received it." Hence he was the

wrongdoer, and became liable in precisely the same way, and to the same extent, that Walker would have been, if he had been the guilty party: 23 L. R. A. (N. S.) 560.

The judgment of the court below is affirmed.